# EXHIBIT A

**HUMPHREY & RIST LLP**
Christina A. Humphrey, Esq. (SBN 226326)
Thomas A. Rist, Esq. (SBN 238090)
351 Paseo Nuevo, 2nd Floor
Santa Barbara, CA 93101
Telephone: 304-574-0222
Facsimile: 304-574-0224
christina@humphreyrist.com
tom@humphreyrist.com

Attorneys for Plaintiffs and the putative class

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/23/2016** at 12:05:21 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

CX-104          Judge Kim G. Dunning

FREDDIE RAMOS, on behalf of himself
and all others similarly situated,

                    Plaintiffs,

          vs.

CEDAR FAIR, L.P. and CEDAR FAIR
MANAGEMENT, INC., a Delaware
Corporation; and  DOES 1 through 10,
inclusive,

                    Defendants.

CASE NO.  30-2016-00889192-CU-OE-CXC

**CLASS ACTION COMPLAINT FOR:**

1. **FAILURE TO PAY MINIMUM WAGES**
2. **FAILURE TO PAY WAGES AT THE AGREED UPON RATE**
3. **FAILURE TO PAY REPORTING TIME WAGES**
4. **FAILURE TO PROVIDE MEAL PERIODS**
5. **FAILURE TO PROVIDE REST PERIODS**
6. **FAILURE TO PAY TIMELY WAGES UPON TERMINATION OF EMPLOYMENT**
7. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
8. **UNFAIR BUSINESS PRACTICES**

**DEMAND FOR JURY TRIAL**

1

1    Plaintiff FREDDIE RAMOS, on behalf of himself and all others similarly situated, hereby

2    files this Complaint against Defendants CEDAR FAIR, L.P. and CEDAR FAIR MANAGEMENT,

3    INC., a Delaware Corporation [hereinafter "Cedar Fair" or Defendants"] and Does 1 to 10

4    [hereinafter collectively, "Defendants"]. Plaintiff is informed and believes, and on the basis of that

5    information and belief, alleges as follows:

6                                    **INTRODUCTION**

7          1.    This matter is brought as a class action pursuant to California Code of Civil

8    Procedure § 382, on behalf of Plaintiff and all others similarly situated to recover unpaid wages,

9    premium wages and penalties for Defendants' violations of the California Labor Code and the

10   California Unfair Competition Law (Bus. & Prof. Code §§ 17200 et seq.).

11         2.    This class action lawsuit is specifically brought on behalf of all persons employed in

12   non-exempt positions ["employees"] by Defendants in the State of California.  This class action

13   lawsuit challenges Defendants' employment practices with respect to payment of wages and

14   provisions for meal and rest periods applicable to non-exempt employees, including Defendants'

15   policies and practices of (a) failing to pay for every hour worked, including minimum wages,

16   designated wages, reporting time wages, and overtime; (b) failing to provide meal and rest breaks

17   that comply with California law; and (c) failing to pay premium wages and/or restitution for on-duty,

18   missed, short, and/or late meal and rest breaks.

19         3.    Defendants have failed to pay for all hours worked including minimum wages,

20   designated wages, and overtime. Specifically, but not exclusively, Defendants failed to pay for all

21   time worked by requiring Plaintiff and putative class members to clock out and then wait in line to

22   have their timecards signed and otherwise be released from their job duties.  Further, Plaintiff and

23   putative class members were not allowed to work at least half of their scheduled shifts without being

24   paid reporting time wages.  Moreover, by failing to relinquish control over employees' job duties

25   and responsibilities, Defendants have failed to provide employees a reasonable opportunity to take a

26   break such that Plaintiff and employees are either unable to take a meal or rest break all together,

27   and/or are unable to leave the premises, unable to take a duty-free meal or rest break, and/or are

28   interrupted during their meal or rest break, and/or take a short or late meal or rest period.

1  Defendants further failed to pay compensation or premium wages for on-duty, missed, short, and/or
2  late meal and rest breaks.

3      4.    In this case, Plaintiff, on behalf of himself and the putative class, seeks relief for
4  Defendants' unlawful employment policies, practices and procedures, which have resulted in the
5  failure of Defendants to pay Plaintiff and members of the putative class all wages due to them
6  including, minimum wages and overtime for all hours worked (Labor Code §§ 1182.12, 1194,
7  1194.2, 1197); wages in accordance with the designated wage scale (Labor Code §§ 221-223),
8  premium wages (Labor Code §§ 226.7, 512, 516); wages for reporting time (Industrial Welfare
9  Commission ("IWC") Wage Order No. 10-2001); penalties for failure to timely furnish accurate,
10 itemized wage statements (Labor Code § 226); penalties for wages due on termination (Labor Code
11 §§ 201-203); and restitution and other equitable relief (Bus. & Prof. Code § 17200, *et seq. and*
12 *equitable claims*).

13     5.    In this action Plaintiff, on behalf of himself and the members of the putative class,
14 seeks back pay, premium wages, civil and statutory penalties, interest, attorney's fees, injunctive
15 relief, and restitution from Defendants.

16     6.    The acts complained of herein have occurred, are presently occurring, and are
17 expected to continue occurring, within the time period from four years prior to the filing of this
18 complaint up to and through the time of trial for this matter (hereinafter, the "Relevant Time
19 Period").

20 **PARTIES**

21 ***Plaintiff FREDDIE RAMOS***

22     7.    Plaintiff FREDDIE RAMOS is an individual over the age of eighteen (18) and is now
23 and/or at all relevant times mentioned in this Complaint was a resident and domiciliary of Orange
24 County, State of California. Throughout the Relevant Time Period, until about April 2016, Mr.
25 Ramos worked for Defendants as a non-exempt employee in Defendants' Knott's Berry Farm
26 amusement park located in Orange County, California.

27 ***Defendants CEDAR FAIR***

28     8.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Cedar

3

1   Fair Management, Inc. is now and/or at all times mentioned in this Complaint was headquartered in

2   Ohio, and qualified and registered to do business in the State of California, and actually performs

3   substantial business in California.

4         9.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Cedar

5   Fair, L.P. is now and/or at all times mentioned in this Complaint was incorporated in Delaware,

6   headquartered in Ohio, and qualified and registered to do business in the State of California, and

7   actually performs substantial business in California.

8         10.   Plaintiff is informed and believes, and based thereon alleges, that Defendants are now

9   and/or at all times mentioned in this Complaint were the owner and operator of a business with at

10  least two amusement park locations within the State of California, including the Knott's Berry Farm

11  amusement park in Orange County.

12  ***Defendants Does 1 through 10, Inclusive***

13        11.   DOES 1 through 10 inclusive are now and/or at all times mentioned in this Complaint

14  were, licensed to do business and/or actually doing business in the State of California. Plaintiffs do

15  not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 through

16  10, inclusive and for that reason, DOES 1 through 10 are sued under such fictitious names pursuant

17  to Code of Civil Procedure § 474. Plaintiff will seek leave of court to amend this Complaint to

18  allege such names and capacities as soon as they are ascertained. DOES 1 through 5 are believed to

19  be business entities who were also co-employers of the Plaintiff and the putative class herein.

20  ***All Defendants***

21        12.   Plaintiff is informed and believes, and based thereon alleges, that at all times herein

22  mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint

23  venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within

24  the course and scope of said employment and/or agency; furthermore, that each and every Defendant

25  herein, while acting as a high corporate officer, director and/or managing agent, principal and/or

26  employer, expressly directed, consented to, approved, affirmed and ratified each and every action

27  taken by the other co-Defendant, as herein alleged and was responsible in whole or in part for the

28  matters referred to herein.

4

1    13.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

2    mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint

3    venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within

4    the course and scope of said employment and/or agency; furthermore, that each and every Defendant

5    herein, while acting as a high corporate officer, director and/or managing agent, principal and/or

6    employer, expressly directed, consented to, approved, affirmed and ratified each and every action

7    taken by the other co-Defendant, as herein alleged and was responsible in whole or in part for the

8    matters referred to herein.

9    14.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

10   mentioned, Defendants, and each of them, proximately caused Plaintiffs, all others similarly situated

11   and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or

12   damages alleged in this Complaint.

13   15.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and

14   each of them, are now and/or at all times mentioned in this Complaint were members of and/or

15   engaged in a joint venture, partnership and common enterprise, and were acting within the course

16   and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such

17   were co-employers of the Plaintiff and the putative class herein.

18   16.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and

19   each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of,

20   aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and

21   every one of the other Defendants in proximately causing the injuries and/or damages alleged in this

22   Complaint.

23                                 **JURISDICTION AND VENUE**

24   17.    The California Superior Court has jurisdiction in the matter because the claims

25   exceed the jurisdictional minimum of this court and Plaintiff is a resident of the state of California

26   and Defendants perform substantial business in the State of California.  Further, the issues herein are

27   based on California Statutes and law including the California Labor Code and the California Unfair

28   Competition Law.

18.     Venue is proper in the County of Orange because Defendants transact substantial business in this County, Plaintiff's claims arose in this County, and because Defendants maintain the Knott's Berry Farm amusement park, where Plaintiff worked, in Orange County.

## FACTUAL ALLEGATIONS

*Background*

19.     Defendants operate two amusement parks in the State of California, including Knott's Berry Farm, in Orange County.

20.     Plaintiff and the other members of the putative class worked for Defendants as non-exempt employees at their amusement parks.

21.     The primary work duties of Plaintiff included, among others, greeting patrons and conducting traffic control at Defendants' amusement parks.

22.     Defendants required Plaintiff and other members of the putative class to clock out. After clocking out, Defendants required Plaintiff and other members of the putative class to wait in line to have their time sheets signed off and otherwise be released from their job duties.

23.     Defendants regularly required Plaintiff and other members of the putative class to end their respective, scheduled work shifts without having worked at least half of said scheduled work shifts, and in turn, failed to pay Plaintiff and other members of the putative class proper reporting time wages.

24.     Defendants required compliance with all of its standardized operational policies, procedures and practices including, but not limited to, customer service, schedules assigned to them, timekeeping, attendance, punctuality, and customer service.

25.     By failing to relinquish control over employees' job duties and responsibilities, Defendants failed to provide Plaintiff and other members of the putative class a reasonable opportunity to take a break such that Plaintiff and employees were either unable to take a meal or rest break all together, and/or were unable to leave the premises, unable to take a duty-free meal or rest break, and/or were interrupted during their meal or rest break, and/or took a short or late meal or rest period.  There were occurrences where Plaintiff and the members of the putative class input and/or reported missed, short, or late meal breaks and/or Defendant knew that they incurred missed,

6

1    short, and/or late rest breaks and Defendants did not pay premium wages as a result.

2         26.    There were occurrences where Plaintiff and putative class members reported missed,

3    short, or late rest breaks and/or Defendants knew that they incurred missed, short, or late rest breaks

4    and Defendants did not pay premium wages as a result.

5    ***Defendants' Failure to Pay Minimum Wages and Designated Rates***

6         27.    IWC Wage Order, No. 10 defines "hours worked" to mean "the time during which an

7    employee is subject to the control of an employer, and includes all the time the employee is suffered

8    or permitted to work, whether or not required to do so."

9         28.    Labor Code § 1182.12 and IWC Wage Order, No. 10-2001, § 4 formerly provided

10   that on and after January 1, 2008, the minimum wage shall be not less than eight dollars ($8.00) per

11   hour.

12        29.    Labor Code § 1182.12 and IWC Wage Order, No. 10-2001, § 4 provide that on and

13   after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per

14   hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten

15   dollars ($10) per hour.

16        30.    Labor Code § 1194(a) provides in relevant part: "Notwithstanding any agreement to

17   work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled to

18   recover in a civil action the unpaid balance of the full amount of this minimum wage [], including

19   interest thereon, reasonable attorney's fees, and costs of suit."

20        31.    Labor Code § 1194.2(a) provides in relevant part: "In any action under Section

21   1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum

22   wage fixed by an order of the commission, an employee shall be entitled to recover liquidated

23   damages in an amount equal to the wages unlawfully unpaid and interest thereon."

24        32.    Labor Code § 1197 provides: "The minimum wage for employees fixed by the

25   commission is the minimum wage to be paid to employees, and the payment of a less wage than the

26   minimum so fixed is unlawful."

27        33.    Defendant classified Plaintiff and putative class members as non-exempt and paid

28   them on an hourly basis. Hours worked include, but are not limited to, all hours that an employee is

1   permitted or suffered to work including, but not limited to, off-the-clock work that an employer

2   either knew or should have known that an employee was performing.

3     34. As a matter of policy and/or practice, Defendant routinely suffered or permitted

4   Plaintiff and putative class members to work portions of the day during which they were subject to

5   Defendants' control, but Defendants failed to compensate them.

6     35. Throughout the Relevant Time Period, Plaintiff, and the other members of the

7   putative class, were subject to Defendants' uniform policy and/or practice of failing to pay minimum

8   wages and/or designated rates for hours worked off-the-clock. As a result, Plaintiff and the other

9   members of the putative class were routinely denied compensation for all hours worked.

10     36. Additionally, Defendant did not maintain adequate records of all wages earned, hours

11   worked, and meal and rest breaks taken.

12   ***Defendants' Failure to Pay Overtime Compensation***

13     37. Labor Code § 1194 provides that an employee receiving less than the legal overtime

14   compensation is entitled to recover in a civil action the unpaid balance of the full amount of this

15   minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and

16   costs of suit.

17     38. Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and

18   any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh

19   day of work in any one workweek shall be compensated at the rate of no less than one and one-half

20   times the regular rate of pay for an employee." Labor Code § 510(a) further states: "Any work in

21   excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate

22   of pay for an employee." Labor Code § 510(a) further states: "[A]ny work in excess of eight hours

23   on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular

24   rate of pay of an employee."

25     39. Throughout the Relevant Time Period, Wage Order No. 10-2001 provided for

26   payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of

27   pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or

28   for payment of overtime wages equal to double the employee's regular rate of pay for all hours

1   worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight

2   (8) hours on the seventh (7th) day of work in any one workweek.

3       40.    Defendants classified Plaintiff and putative class members as non-exempt, therefore

4   they were entitled to overtime compensation for all hours worked in excess of the hours and time

5   specified in the Wage Order, statutes and regulations identified herein.

6       41.    As a matter of policy and/or practice, Defendants routinely suffered or permitted

7   Plaintiff and putative class members to work portions of the day during which they were subject to

8   Defendants' control, and failed to compensate them. Accordingly, Defendants failed to properly

9   record the actual hours worked by Plaintiff and members of the putative class, and thus failed to pay

10   overtime wages for the actual amount of overtime hours worked.

11   ***Defendants' Failure to Pay Reporting Time Wages***

12       42.    Throughout the Relevant Time Period, Wage Order No. 10-2001, § 5, provided for

13   payment of no less than two (2) hours, nor more than four (4) hours, at the employee's regular rate

14   of pay, for each workday an employee is required to report for work and does report, but is not put to

15   work or is furnished less than half said employee's usual or scheduled day's work.

16       43.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17   regularly required Plaintiff and other members of the putative class to end their respective, scheduled

18   work shifts without having worked at least half of said scheduled work shifts, and in turn, failed to

19   pay Plaintiff and other members of the putative class proper reporting time wages.

20   ***Defendants' Failure to Provide Meal Breaks***

21       44.    Plaintiffs and the members of the class did not waive their meal periods, by mutual

22   consent with Defendants or otherwise. Plaintiff is informed and believes, and based thereon alleges,

23   that Defendants failed to effectively communicate California meal period requirements to Plaintiff

24   and the members of the putative class.

25       45.    Plaintiff is further informed and believes, and based thereon alleges, that as a matter

26   of policy and/or practice, Defendants' routinely failed to provide Plaintiff and the members of the

27   putative class, with meal periods during which they were relived of all duties by requiring them to

28   perform duties such as responding to customer inquiries..

46. Specifically, throughout the Relevant Time Period, Defendants regularly:

    a. Failed to provide Plaintiff and the members of the putative class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b. Failed to provide Plaintiff and the members of the putative class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day; and

    c. Failed to pay Plaintiff and the members of the putative class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

    d. Failed to accurately record all meal periods.

***Defendants' Failure to Provide Rest Breaks***

47. At all times relevant hereto, Labor Code § 226.7 and IWC Wage Order, No. 10-2001, § 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

48. At all times relevant hereto, Labor Code § 226.7(b) and IWC Wage Order, No. 10-2001, § 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

49. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the putative class. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendants failed to provide rest periods.

50. Throughout the Relevant Time Period, Plaintiff and the members of the putative class were routinely denied the rest breaks they were entitled to under California law.

51. Specifically, throughout the Relevant Time Period, Defendant regularly:

    a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the putative class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift;

b. Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

**Defendants' Failure to Pay All Wages Due at Termination of Employment**

52.    At all times relevant hereto, Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

53.    Defendants willfully and knowingly failed to pay Plaintiff and the members of the putative class, upon termination of employment, all accrued compensation including payment of minimum wage compensation, agreed wages, overtime, and/or premium wages.

**Defendants' Failure to Provide Accurate, Itemized Wage Statements**

54.    At all times relevant hereto, Labor Code § 226 and IWC Wage Order, No. 10-2001, § 7 required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and meal breaks taken.

55.    Wage statements provided to Plaintiff and the members of the putative class by Defendant do not show all wages earned, all hours worked, or all applicable rates, in violation of Labor Code § 226, IWC Wage Order, No. 10-2001, § 7, and the UCL.

56.    Moreover, Defendants did not maintain adequate records of all wages earned, hours worked and breaks taken.

**Facts Regarding Willfulness**

57.    Plaintiff is informed and believes and based thereon alleges that Defendant are and were advised by skilled lawyers, other professionals, employees with human resources background

1    and advisors with knowledge of the requirements of California wage and hour laws.

2    58.    Plaintiff is informed and believes and based thereon alleges that at all relevant times,

3    Defendants had a consistent policy or practice of failing to compensate the putative class members,

4    including Plaintiff, for all hours worked, including minimum wages, designated rate wages,

5    overtime, reporting time wages, and premium wages.

6    59.    Plaintiff is informed and believes and based thereon alleges that at all relevant times,

7    Defendants knew or should have known, that the putative class members, including Plaintiff, were

8    entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more

9    hours worked, and that any failure to do so requires Defendants to pay Plaintiff and the members of

10    the putative class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

11    60.    Plaintiff is informed and believes and based thereon alleges that at all relevant times,

12    Defendant knew or should have known, that the putative class members, including Plaintiff, were

13    and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that

14    any failure to allow said breaks requires Defendant to pay the putative class members, including

15    Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

16    61.    Plaintiff is informed and believes and based thereon alleges that at all relevant times,

17    Defendant knew or should have known, that the putative class members, including Plaintiff, were

18    provided inaccurate pay statements that failed to included, but not limited to, all hours worked and

19    all pay owed and also were not paid all wages owed upon termination.

20    ***Plaintiff's Exhaustion of Administrative Remedies***

21    62.    Plaintiff is currently complying with the procedures for bringing suit specified in

22    California Labor Code § 2699.3. By letter dated November 23, 2016, Plaintiff, on behalf of himself

23    and the other putative class members, gave the required notice to the Labor and Workforce

24    Development Agency ("LWDA") and Defendant of the specific provisions of the California Labor

25    Code alleged to have been violated, including the facts and theories to support the alleged violations.

26    This Complaint will be amended when more than sixty (60) days have passed since the date the

27    notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the

28    allegations herein.

**CLASS ALLEGATIONS**

63.     Plaintiff incorporates by reference the allegations set forth above.

64.     Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all others similarly situated. The class which Plaintiff seeks to represent is composed of and defines as follows:

        a.  <u>Plaintiff Class</u>: All persons employed in non-exempt positions at Cedar Fair amusement park locations owned and/or operated by Defendant in the State of California who, at any time from four years prior to this complaint to present, worked one or more shifts.

        b.  <u>Former Employee Sub-Class</u>: All members of the Plaintiff Class who are no longer employed by Defendant herein.

        c.  <u>Seasonal Employee Sub-Class:</u> All members of the Plaintiff Class who were employed on a seasonal basis.

65.     <u>Numerosity</u>: Plaintiff is informed and believes and based thereon alleges that the class includes more than 40 individuals and is therefore so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes at least hundreds of members.

66.     <u>Questions of Law and Fact Common to the Class</u>: Plaintiff is informed and believes and based thereon alleges that common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

        a.  whether Plaintiff and the members of the putative class are subject to and entitled to the benefits of California wage and hour statutes;

        b.  whether Defendants required, encouraged, suffered, or permitted Plaintiff and the

members of the putative class to perform certain work-related duties without compensation equal to at least the California minimum wage;

c. whether Defendants required, encouraged, suffered, or permitted Plaintiff and the members of the putative class to perform certain work-related duties without compensation at the designated rate;

d. whether Plaintiff and the members of the putative class are entitled to overtime compensation;

e. whether Defendants failed to pay overtime compensation to Plaintiff and the members of the putative class;

f. whether Defendants failed to pay employees who worked less than half of any scheduled work shift;

g. whether Defendants had a policy and practice of failing to provide Plaintiff and the members of the putative class meal and rest breaks;

h. whether Defendants had a policy and practice of failing to compensate Plaintiff and the members of the putative class for missed, short, or late meal and rest breaks;

i. whether Defendants' policy and practice of not providing, and/or compensating Plaintiff and the members of the putative class for meal and rest breaks violated California wage and hour law;

j. whether Defendants unlawfully and/or willfully failed to provide Plaintiff and the members of the putative class with true and proper wage statements upon payment of wages, in violation of Labor Code § 226;

k. whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and the members of the putative Former Employee Sub-class upon termination of their employment, in violation of Labor Code §§ 201-203;

l. whether Plaintiff and members of the putative class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

m. whether Defendants' conduct as alleged herein violates the Unfair Business Practices

14

Act of California, Bus. & Prof. Code § 17200, *et seq.*

67.   Typicality: Plaintiff is informed and believes and based thereon alleges that the claims of the named Plaintiff are typical of the claims of the members of the putative class.  Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the putative class.

68.   Adequacy of Representation: Plaintiff is informed and believes and based thereon alleges that Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members he seeks to represent.  Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the class.  The interests of the class members will fairly and adequately be protected by Plaintiff and his attorneys.

69.   Superiority: Plaintiff is informed and believes and based thereon alleges that class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits.  Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

70.   The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

a.   The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

b.   The prosecution of separate actions by individual class members would also create

CLASS ACTION COMPLAINT

1    the risk of adjudications with respect to them that, as a practical matter, would be

2    dispositive of the interest of the other class members who are not a party to such

3    adjudications and would substantially impair or impede the ability of such non-party

4    class members to protect their interests.

5                                    **FIRST CAUSE OF ACTION**

6                **FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED**

7                   **(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

8        71.    Plaintiff incorporates by reference the allegations set forth above.

9        72.    Labor Code § 1194 provides that an employee receiving less than the legal minimum

10   wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum

11   wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of

12   suit.

13       73.    Pursuant to Labor Code § 1197, payment of less than the minimum wage fixed by the

14   Labor Commission is unlawful.

15       74.    Wage Order, No. 10-2001 states, "(A) Every employer shall pay to each employee

16   wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not

17   less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016, except:

18   LEARNERS. Employees during their first 160 hours of employment in occupations, in which they

19   have no previous similar or related experience, may be paid not less than 85 percent of the minimum

20   wage rounded to the nearest nickel. (B) Every employer shall pay to each employee, on the

21   established payday for the period involved, not less than the applicable minimum wage for all hours

22   worked in the payroll period, whether the remuneration is measured by time, piece, commission, or

23   otherwise."

24       75.    Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the

25   hours set by the Industrial Welfare Commission, or under conditions prohibited by the applicable

26   Wage Orders, including but not limited to, failing to keep records of and failing to correctly report

27   hours worked.

28       76.    Labor Code § 1174 requires that every person employing labor in this state shall keep

1    (1) a record showing the names and addresses of all employees employed and the ages of all minors;
2    (2) at a central location in the state or at the plants or establishments at which employees are
3    employed, payroll records showing the hours worked daily by and the wages paid to, and the number
4    of piece-rate units earned by and any applicable piece rate paid to, employees employed at the
5    respective plants or establishments; (3) such records in accordance with rules established for this
6    purpose by the commission, but in any case, on file for not less than three years.  This statute also
7    prevents an employer from prohibiting an employee from maintaining a personal record of hours
8    worked.  Defendant has willfully failed to keep the records required by Section 1174.

9         77.    Throughout the Relevant Time Period, Defendants' hourly compensation scheme
10   purported to compensate Plaintiff and the other members of the putative class for all hours worked.
11   In reality, Defendants suffered or permitted Plaintiff and the other members of the putative class to
12   work portions of their day without compensation, while subject to Defendants' control, which
13   resulted in the Plaintiff and the members of the putative class earning less than the legal minimum
14   wage in the State of California.

15        78.    At all times relevant hereto, Defendants have willfully failed to keep the records
16   required by Section 1174. By failing to maintain adequate time records as required by Labor Code §
17   1174(d) and IWC Wage Order, No. 10-2001, § 7(A), Defendant has made it difficult to calculate the
18   minimum wage compensation due Plaintiffs and the other members of the putative class.

19        79.    Defendants owe Plaintiff, and the other members of the putative class, minimum
20   wages and liquidated damages pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197, IWC
21   Wage Order, No. 10-2001, § 4 due in amounts to be determined at trial during the three (3) years
22   prior to the filing of the initial Complaint in this action.

23        80.    Plaintiff and the other members of the putative class request payment of unpaid
24   minimum wages due in amounts to be determined at trial, interest, attorneys' fees and costs, against
25   Defendant in a sum as provided by the Labor Code and/or other statutes.

26        81.    Plaintiff and the members of the putative class also request relief as described below.
27   //
28   //

17

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT THE AGREED UPON RATE**

**(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

82.     Plaintiff incorporates by reference the allegations set forth above.

83.     Labor Code § 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or contract."

84.     Throughout the Relevant Time Period, Defendants' compensation scheme purported to compensate Plaintiff and the other members of the putative class for all hours worked.  In reality, Defendants suffered or permitted Plaintiff and the other members of the putative class to work portions of their day without compensation, while subject to Defendants' control, including during meal breaks, which resulted in the Plaintiff and the members of the putative class earning less than the designated rate.

85.     Also throughout the Relevant Time Period, Defendants paid less than the agreed upon compensation owed to Plaintiff and the other members of the putative class, while purporting to pay the designated wage scale. As a result, Defendants' conduct violates Labor Code § 223.

86.     Defendants owed and still owe Plaintiff and the other members of the putative class wages at the designated rate pursuant to the Labor Code in amounts to be determined at trial for the hours worked during the Relevant Time Period.

87.     Plaintiff and the other members of the putative class request payment of unpaid wages at the designated rate in amounts to be determined at trial, plus interest, attorneys' fees and costs, against Defendants in a sum as provided by the Labor Code and/or other statutes.

88.     Plaintiff and the members of the putative class also request relief as described below.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY REPORTING TIME WAGES**

**(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

89.     Plaintiff incorporates by reference the allegations set forth above.

90.     Throughout the Relevant Time Period, Wage Order No. 10-2001, § 5, provided for

1  payment of no less than two (2) hours, nor more than four (4) hours, at the employee's regular rate

2  of pay, for each workday an employee is required to report for work and does report, but is not put to

3  work or is furnished less than half said employee's usual or scheduled day's work.

4     91.    Throughout the Relevant Time Period, Defendants regularly required Plaintiff and

5  other members of the putative class to end their respective, scheduled work shifts without having

6  worked at least half of said scheduled work shifts, and in turn, failed to pay Plaintiff and other

7  members of the putative class proper reporting time wages.

8     92.    Plaintiff and the other members of the putative class request payment of unpaid

9  wages at the designated rate in amounts to be determined at trial, plus interest, attorneys' fees and

10  costs, against Defendants in a sum as provided by the Labor Code and/or other statutes.

11     93.    Plaintiff and the members of the putative class also request relief as described below.

12  **FOURTH CAUSE OF ACTION**

13  **FAILURE TO PROVIDE MEAL BREAKS**

14  **(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

15     94.    Plaintiff incorporates by reference the allegations set forth above.

16     95.    Labor Code § 226.7(a) provides that "No employer shall require any employee to

17  work during any meal or rest period mandated by an applicable order of the Industrial Welfare

18  Commission."

19     96.    Labor Code § 512 provides that "An employer may not employ an employee for a

20  work period of more than five hours per day without providing the employee with a meal period of

21  not less than 30 minutes, except that if the total work period per day of the employee is no more than

22  six hours, the meal period may be waived by mutual consent of both the employer and employee."

23     97.    Labor Code § 512 further provides that "An employer may not employ an employee

24  for a work period of more than 10 hours per day without providing the employee with a second meal

25  period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the

26  second meal period may be waived by mutual consent of the employer and the employee only if the

27  first meal period was not waived."

28     98.    Labor Code § 516 provides that the Industrial Welfare Commission may adopt or

1   amend working condition orders with respect to meal periods for any workers in California
2   consistent with the health and welfare of those workers.

3         99.    Section 11(C) of Wage Order No. 10-2001 provides that "Unless the employee is
4   relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty"
5   meal period and counted as time worked. An "on duty" meal period shall be permitted only when the
6   nature of the work prevents an employee from being relieved of all duty and when by written
7   agreement between the parties an on-the-job paid meal period is agreed to. The written agreement
8   shall state that the employee may, in writing, revoke the agreement at any time."

9         100.   Section 11(D) of Wage Order No. 10-2001 provides that "If an employer fails to
10  provide an employee a meal period in accordance with the applicable provisions of this order, the
11  employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation
12  for each workday that the meal period is not provided."

13        101.   Throughout the Relevant Time Period, Plaintiff and the members of the putative class
14  consistently worked over five (5) hours per work period, and therefore, were entitled to a meal
15  period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

16        102.   Throughout the Relevant Time Period, Plaintiff and the members of the putative class
17  sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal
18  period of not less than thirty (30) minutes.

19        103.   Throughout the Relevant Time Period, Plaintiff and the members of the putative class
20  did not waive their meal periods, by mutual consent with Defendants or otherwise.

21        104.   The Defendants implemented a uniform policy and/or procedure in which Plaintiffs
22  and members of the putative class were not provided required meal periods.

23        105.   Defendants failed to comply with the required meal periods established by Labor
24  Code § 226.7, Labor Code § 512, Labor Code § 516 and the applicable Wage Order.

25        106.   Defendants failed to compensate Plaintiff and members of the putative class with
26  premium wages when meal periods were on duty, missed, short, or late.

27        107.   Pursuant to Section 11 of Wage Order No. 10-2001, and Labor Code § 226.7(b)
28  (which requires, in the event that "an employer fails to provide an employee a meal or rest period in

1   accordance with an applicable order of the industrial Welfare Commission, the employer shall the

2   employee one additional hour of pay at the employee's regular rate of compensation for each work

3   day that the meal or rest period is not provided"), the members of the Class are entitled to damages

4   in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

5         108.   Pursuant to Civil Code § 3287(b), the members of the Class seek recovery of pre-

6   judgment interest on all amounts recovered herein.

7         109.   Pursuant to the applicable Labor Code, UCL, and Civil Code Sections, the members

8   of the Class request that the Court award reasonable attorneys' fees and costs incurred by them in

9   this action.

10        110.   Plaintiff and the members of the putative class also request relief as described below.

11                              **FIFTH CAUSE OF ACTION**

12                    **FAILURE TO ALLOW AND PAY FOR REST BREAKS**

13          **(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

14        111.   Plaintiff incorporates by reference the allegations set forth above.

15        112.   Labor Code § 226.7(a) provides that "No employer shall require any employee to

16   work during any meal or rest period mandated by an applicable order of the Industrial Welfare

17   Commission."

18        113.   Labor Code § 516 provides that the Industrial Welfare Commission may adopt or

19   amend working condition orders with respect to rest periods for any workers in California consistent

20   with the health and welfare of those workers.

21        114.   IWC Wage Order, No. 10-2001, § 12 required employers to authorize, permit, and

22   provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are

23   relieved of all duty.

24        115.   At all times relevant hereto, Labor Code § 226.7(b) and IWC Wage Order, No. 10-

25   2001, § 12 required employers to pay one hour of additional pay at the regular rate of compensation

26   for each employee and each workday that a proper rest period is not provided.

27        116.   Throughout the Relevant Time Period, Defendants implemented a uniform policy and

28   procedure in which Plaintiffs and members of the putative class were not provided required rest

1 | periods.

2 |     117.   As a result, throughout the Relevant Time Period, Defendants regularly:

3 |       a.   Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and

4 |         the members of the putative class were relieved of all duty for each four (4) hours of

5 |         work; and

6 |       b.   Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at

7 |         their regular rate of compensation for each workday that a rest period was not

8 |         permitted.

9 |     118.   Plaintiff and the members of the putative class also request relief as described below.

10 | **SIXTH CAUSE OF ACTION**

11 | **FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION**

12 | **(On Behalf of Plaintiff and the Former Employee Sub-Class Against All Defendants)**

13 |     119.   Plaintiff incorporates by reference the allegations set forth above.

14 |     120.   California Labor Code § 203 provides that if an employer willfully fails to pay

15 | compensation promptly upon discharge, as required by California Labor Code § 201 or 202, then the

16 | employer is liable for waiting time penalties in the form of continued compensation of up to thirty

17 | (30) work days.

18 |     121.   Plaintiff is informed and believes and based thereon alleges that Defendants

19 | consistently and willfully failed to timely pay Plaintiff and the members of the putative Former

20 | Employee Sub-Class, all wages due and owing upon termination of employment, including wages

21 | due for off-the-clock work and premium pay for meal and rest periods as set forth hereinabove.

22 |     122.   Plaintiff, on behalf of himself and the members of the putative Former Employee

23 | Sub-Class, seeks penalties to which he and the members of the putative Former Employee Sub-class

24 | are entitled pursuant to California Labor Code § 203, in the amount of Plaintiff's and each Former

25 | Employee Sub-Class members' daily wage multiplied by thirty (30) days, the exact amount of which

26 | is to be determined at trial.

27 |     123.   Plaintiff and the members of the putative class also request relief as described below.

28 |     //

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

#### (On Behalf of Plaintiff and the Putative Class Against All Defendants)

124.   Plaintiff incorporates by reference the allegations set forth above.

125.   Labor Code § 226(a) requires every employer, semimonthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned and (6) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

126.   As a matter of pattern and practice, in violation of Labor Code § 226, including but not limited to Labor Code § 226(a), Defendants did not maintain accurate records pertaining to Plaintiff or the members of the putative class, including, but not limited to, when they began and ended each work period, meal period, rest period, the total daily hours worked, the total hours worked per pay period and applicable rates of pay.

127.   Plaintiff and the members of the putative class were harmed by Defendants' failure to provide the required information. Defendants' failure to comply with Labor Code § 226(a) hindered Plaintiff and the members of the putative class from determining the amount of wages, overtime, and other compensation actually owed to them, and damaged them in the amount of the unpaid wages, compensation, and overtime wages that were not reported by Defendants, as required.

128.   Pursuant to Labor Code § 226(e), Plaintiff and the members of the putative class are entitled to penalties as follows:

a.   Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

b.   One hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

23

129.   Pursuant to Labor Code § 226(g), the members of the Class are entitled to an award of costs and reasonable attorneys' fees.

130.   Plaintiff and the members of the putative class also request relief as described below.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (On Behalf of Plaintiff and the Putative Class Against All Defendants)

131.   Plaintiff incorporates by reference the allegations set forth above.

132.   Within the four years prior to the filing of the initial Complaint in this case, Defendants, and each of them, committed acts of unfair competition as defined by California Business and Professions Code § 17200, *et. seq.*, by engaging in the following unlawful, unfair and fraudulent business acts and practices in the State of California, among others:

    a.   requiring, encouraging, suffering, and/or permitting Plaintiff and the members of the putative class to perform certain work-related duties without compensation equal to at least the California minimum wage and/or the designated rate and/or overtime compensation;

    b.   failing to pay Plaintiff and the members of the putative class reporting time wages for half of their scheduled workday;

    c.   failing to provide Plaintiff and the members of the putative class for meal and rest periods;

    d.   failing to compensate Plaintiff and the members of the putative class premium wages for on-duty, missed, short, or late meal and rest periods;

133.   As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiff and the other members of the putative class. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and the other members of the putative class have suffered economic injuries including, but not limited to, loss of wage compensation and compensation for missed meal and rest periods.

134.   Through Defendants' use of such unlawful, unfair, and/or fraudulent acts and

24

1   practices, Defendants have gained an unfair advantage over Defendants' competitors.

2         135.   Plaintiff and the other members of the putative class seek full restitution on account

3   of the economic injuries they have suffered, along with disgorgement of ill-gotten gains from

4   Defendants as necessary and according to proof, to restore any and all monies withheld, acquired

5   and/or converted by Defendants by means of the unlawful, unfair and fraudulent business practices

6   complained of herein.

7         136.   Plaintiff and the other members of the putative class seek appointment of a receiver,

8   as necessary, to oversee said restitution, including all wages earned and unpaid, including interest

9   thereon.

10        137.   Further, if Defendants are not enjoined from engaging of the unlawful, unfair and

11  fraudulent conduct described above, Defendants will continue unabated in their conduct, which will

12  result in continued irreparable injury to members of the public, including, but not limited to the other

13  members of the putative class who currently work for Defendants, and for which there is no

14  adequate remedy at law. Thus, Plaintiff and the other members of the putative class request that the

15  Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the

16  foregoing conduct.

17        138.   Plaintiff and the members of the putative class also request relief as described below.

18                              **PRAYER FOR RELIEF**

19        Wherefore, Plaintiff, on behalf of himself and on behalf of the members of the putative

20  class, prays for judgment against Defendants as follows:

21        a.   for an order certifying the class herein, appointing the named Plaintiff as the class

22             representative of all others similarly situated and appointing counsel for the

23             named Plaintiff as counsel for members of the class;

24        b.   An order awarding Plaintiff and the members of the putative class all wages

25             owed, all meal and rest break premiums owed, plus all penalties and

26             compensatory damages;

27        c.   Liquidated damages;

28        d.   Civil penalties;

1      e.  Statutory penalties;

2      f.  An order requiring imposition of a constructive trust and/or disgorgement of

3          Defendants' ill-gotten gains to pay restitution to the Plaintiff and the members of

4          the putative class and to restore to the Plaintiff and the members of the putative

5          class all funds acquired by means of any act or practice declared by this Court to be

6          an unlawful, fraudulent or unfair business act or practice, a violation of laws,

7          statutes or regulations, or constituting unfair competition;

8      g.  Pre-judgment and post-judgment interest;

9      h.  For an award of attorneys' fees and costs incurred in the investigation, filing and

10         prosecution of this action pursuant to Code of Civil Procedure §1021.5, Business

11         and Profession Code § 17200, *et seq.*, Labor Code § 1194, and any other

12         applicable provision of law;

13     i.  Such other and further relief as the Court may deem necessary or appropriate.

14

   DATED:  November 23, 2016                    **HUMPHREY & RIST, LLP**

15

16

17                                  By:  _____
                                         Christina A. Humphrey, Esq.
18                                       Thomas A Rist, Esq.
                                         Attorneys for Plaintiffs
19

20                                    **JURY DEMAND**

21

22     Plaintiff demands a trial by jury on all issues so triable as a matter of right.

23

24

   DATED:  November 23, 2016                    **HUMPHREY & RIST, LLP**

25

26

27                                  By:  _____
                                         Christina A. Humphrey, Esq.
28                                       Thomas A Rist, Esq.
                                         Attorneys for Plaintiffs

26

CLASS ACTION COMPLAINT